
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MONIQUE KOTH, wife and petitioner for
and TY CHEUNG, beneficiary, a citizen
of Cambodia,

        Plaintiffs-Appellants,

v.

US DEPARTMENT OF HOMELAND
SECURITY, an Agency of the United
States Government,

        Defendant-Appellee.

No.    14-35203

D.C. No. 2:12-cv-00996-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted July 5, 2016
Seattle, Washington

Before: KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

    Petitioner Monique Koth appeals the district court's judgment affirming the

decision of U.S. Citizenship and Immigration Services (CIS) to revoke its approval

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of a I-130 visa petition Koth filed on behalf of her husband Ty Cheung. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    CIS did not abuse its discretion in revoking Koth's I-130 petition on the basis that her marriage to Cheung was not bona fide. *See* 8 U.S.C. § 1154 (a)(1)(A)(iii)(II)(aa)(BB). Under the Administrative Procedure Act, we may set aside the agency's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The revocation of an approved petition must occur for "good and sufficient cause." 8 U.S.C. at § 1155. We review CIS's revocation decision for abuse of discretion, *Herrera v. U.S. Citizenship & Immigration Servs.*, 571 F.3d 881, 883 (9th Cir. 2009), and the factual question of whether the parties "entered into the qualifying marriage in good faith" for substantial evidence, *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004). Here, the agency properly concluded that Koth failed to carry her burden of demonstrating eligibility, pursuant to 8 U.S.C. § 1361.[1]

---

[1] Koth argues that, because marriage is a fundamental right, the revocation of an I-130 petition must be subject to strict scrutiny, and the government must bear the burden of proving the marriage is not bona fide. This argument fails to contemplate that the grant of a visa is an immigration privilege, and so Koth must show that her beneficiary is entitled to that privilege by submitting evidence that the marriage is bona fide.

2

*First*, Koth failed to provide evidence of paternity to rebut the finding that Cheung did not know the name of their alleged child during a visa interview. Koth did not submit evidence showing the exchange of financial support, or even gifts and communications, between father and child. Nor did Koth present evidence to corroborate why she had failed to name Cheung as the father on her child's birth certificate.

*Second*, the agency found that "[n]o direct evidence was submitted to show the formation and progression of the relationship," or "any emotional involvement or a shared life" through regular communications. Although Koth's explanation that she used phone cards to contact Cheung is plausible, she was not prevented from submitting receipts for phone card purchases, or phone records showing calls made through the phone card. Nor did Koth supply any evidence of non-verbal transmissions between the couple, such as gifts or photographs.

*Finally*, the agency noted that Koth visited Cheung during their marriage only once, about five years after the couple initially met and married in Cambodia. Although Koth's financial status and her pregnancy likely made it difficult for her to travel during part of this interval, she failed to provide sufficient evidence of a medical condition preventing her from flying during the remainder of that period.

Under these circumstances, the agency did not err in concluding that the record evidence failed to show the marriage was bona fide.[2]

**2.** CIS did not violate Koth's due process rights when it waited until the district court proceedings to provide her with a consular memo on which it relied in making its revocation decision. *See* 8 C.F.R. § 103.2(b)(16); *cf.* 8 C.F.R. § 103.2(b)(7). Cheung ostensibly knew the contents of the visa interview that he gave, and upon which the consular memo was based. *See Herrera*, 571 F.3d at 898. Moreover, CIS reiterated the relevant content of the memo in its initial notice letter and identified those areas in which Koth should submit additional proof to rebut the contentions in it. The agency also gave Koth numerous opportunities to supplement the record with additional evidence before issuing its final decision. Koth does not allege how receiving a copy of the memo earlier would have materially changed the outcome. Under these circumstances, Koth's due process claim fails.

**AFFIRMED.**

---

[2] Counsel for CIS represented at oral argument that, since the basis of the agency's decision was an evidentiary deficiency, Koth could elect to file a new I-130 petition accompanied by additional evidence.